**FILED**
**Aug 15, 2025**
**08:25 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Linda Mueller | ) Docket No. 2021-03-0975 |
| | ) |
| v. | ) State File No. 47594-2021 |
| | ) |
| CSL Plasma, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Pamela B. Johnson, Judge | ) |

---

### Affirmed and Certified as Final

---

This is one of four concurrent appeals filed in four separate causes of action, all of which concern the trial court's decision to grant the employer's motions for summary judgment and dismiss all four claims. In this claim, the employee alleges an injury to her low back. The employer authorized medical care, and the treating physician released the employee at maximum medical improvement with no permanent impairment and no indication of a need for further medical treatment. The employer also had the employee evaluated by an orthopedic physician, who opined her low back complaints were due to pre-existing conditions and were not primarily caused by her employment. The employer filed a motion for summary judgment, asserting that the employee had no medical proof that her complaints were primarily caused by her employment. The employee did not respond to the motion and did not offer any medical evidence of causation, which is an essential element of her claim, and the trial court granted the motion. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's order and certify it as final.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Linda Mueller, Knoxville, Tennessee, employee-appellant, pro se

Jennifer Caywood Schmidt, Knoxville, Tennessee, for the employer-appellee, CSL Plasma

Linda Mueller ("Employee") worked for CSL Plasma ("Employer") as a lab technician. On June 16, 2021, she alleged an injury to her low back due to repetitive motions in the course and scope of her work. Employer authorized medical treatment at Nova Medical Centers, where Employee treated with Dr. Charles Loehr on June 17, the day after she reported the injury. She described the injury as occurring when "she was squatting and leaning forward to change washes and reagents." Dr. Loehr ordered physical therapy, assigned work restrictions, and instructed her to return for a follow-up appointment on July 1. When Employee returned, he ordered additional physical therapy but released her to return to full duty work. Employee saw Dr. Loehr a final time on July 19, 2021, when she stated her symptoms had resolved and she was tolerating work well. Dr. Loehr released her on that date with no indication of permanent impairment or any need for future medical treatment for her low back condition. Following that medical report, Employer filed a notice of denial on July 22, 2021, listing as the basis for its denial "Preexisting condition; No injury per statutory definition; Not major contributing cause."

In September 2021, Employee filed a petition for benefit determination asserting she needed further medical care for her low back condition. Employer responded by providing Employee an orthopedic panel, from which she selected Dr. Patrick Bolt. Dr. Bolt saw Employee on July 28, 2022, at which time he diagnosed her with "acute-on-chronic" low back pain and lumbar spondylosis with degenerative disc disease. Employer eventually deposed Dr. Bolt, who testified that Employee had a history of back pain prior to her reported work injury and that her MRI showed degenerative changes. He further stated that although Employee suffered a strain/sprain type of event causing a temporary flare-up of symptoms, it was unlikely that the work incident was causing her current symptoms. Dr. Bolt responded in the affirmative when asked if Employee's "pain, symptoms, and need for treatment [were] seventy-five percent related" to her pre-existing condition. He further opined that Employee's "medical diagnosis was seventy-five percent pre-existing condition" and that "her degenerative disc disease [was] the primary cause of her complaints."

Employer filed a motion for summary judgment and a statement of undisputed material facts, relying primarily on Dr. Bolt's opinion as the basis for its motion. Employee did not file a response to the motion and did not respond to the statement of undisputed facts. After conducting a hearing on Employer's motion, which Employee attended, the trial court issued an order on April 4, 2025, granting Employer's motion and dismissing the claim. The trial court determined that Employer had negated an essential element of

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2023).

Employee's claim, *i.e.*, causation, and that Employee had submitted no evidence to show that her alleged low back injury or condition arose primarily out of and in the course and scope of her employment.

We review the grant or denial of a motion for summary judgment *de novo* with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Thus, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* In her notice of appeal, Employee identifies the issues on appeal as "dispute facts presented by Dr. Hazlewood, provide medical evidence, [and] attorney conduct."[2] Employee filed one brief to address all four of her separate appeals, in which she argues that the court erred in granting Employer's motion for summary judgment and that the court and the attorneys representing Employer and the Subsequent Injury and Vocational Recovery Fund ("the Fund") treated her improperly.[3]

In regard to the first issue, Employee did not file a response to Employer's motion, and she did not serve and file a response to the statement of undisputed facts as required by Rule 56.03 of the Tennessee Rules of Civil Procedure. We agree with the trial court that the medical causation opinion Employer obtained from Dr. Bolt negated an essential element of Employee's claim. As such, the burden of production shifted to Employee to allege specific facts that could lead a trier of fact to find in her favor on the issue of medical causation. *See Rye*, 477 S.W.3d at 265. We conclude she did not meet this burden.

At the motion hearing, Employee attempted to rely on various medical records she had previously filed, but, as the trial court correctly stated, medical records, standing alone, are not appropriate for consideration in response to a motion for summary judgment. *See Thomas v. 10 Roads Express, LLC*, No. 2021-08-0819, 2023 TN Wrk. Comp. App. Bd. LEXIS 17, at *7-8 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2023) (clarifying that, in the context of a motion for summary judgment, a trial court can only consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any" as specified by Rule 56.04 of the Tennessee Rules of Civil Procedure). Furthermore, Employee admitted at the hearing that she did not have an expert medical opinion that her alleged injuries or current low back condition were primarily caused by the June 16, 2021 work incident.

In short, we cannot conclude the trial court erred in granting Employer's motion for summary judgment given that the record contains no medical proof in a form allowed by

---

[2] Dr. Jeffrey Hazlewood provided a report at Employer's request in Employee's other three claims. Although Employer identified him in its expert disclosures in this case, we find nothing in the record of this case indicating that Employer relied on Dr. Hazlewood's opinion in filing its motion for summary judgment or that the trial court relied on his opinion in its order granting summary judgment.

[3] The Fund is not a party to this particular claim.

3

Rule 56.04 of the Tennessee Rules of Civil Procedure supporting Employee's claim of a compensable injury, especially given Employee's failure to respond to the statements of undisputed material facts.

Relative to the second issue, Employee asserts that the court, Employer's counsel, and counsel for the Fund treated her inappropriately, citing delays due to the unavailability of an expert testifying for Employer, a lack of response to her emails by the attorneys, and her perception that the trial judge showed preferential treatment to the attorneys for Employer and the Fund. We conclude, however, that Employee has failed to identify with any specificity the allegedly prejudicial actions taken by the attorneys or the court or to describe how any such actions, even if they occurred, prejudiced her case. A court's unfavorable decision, standing alone, is not evidence of prejudice or bias. *See, e.g.*, *Limbaugh v. Mueller Refrigeration Co.*, No. M2007-00999-WC-R3-WC, 2008 Tenn. LEXIS 623, at *12 (Tenn. Workers' Comp. Panel Sept. 26, 2008). Furthermore, Employee has not asked for any type of relief for her complaints of unfair treatment. In the absence of a clear description of the prejudice or bias she claims to have suffered, any indication that she addressed the issue in the trial court, or a clear request for relief from that harm, the issue is deemed waived. *See Long v. Hamilton-Ryker*, No. 2015-07-0023, 2015 TN Wrk. Comp. App. Bd. LEXIS 23, at *15 (Tenn. Workers' Comp. App. Bd. July 31, 2015) (stating "in most instances, an issue raised for the first time on appeal will be deemed waived").

Accordingly, we affirm the trial court's order and certify it as final. Costs on appeal are taxed to Employee.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| Linda Mueller | ) | Docket No.  2021-03-0975 |
| | ) | |
| v. | ) | State File No.  47594-2021 |
| | ) | |
| CSL Plasma, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 15th day of August, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Linda Mueller | | | | X | lindamueller2@msn.com lindamueller480@gmail.com |
| Jennifer C. Schmidt | | | | X | jcschmid@travelers.com |
| Pamela B. Johnson, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov